UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                              Chapter 11

    232 Seigel Development LLC        Case no.  20-22844 (RDD)

                 Debtor.
--------------------------------------------------------x
In re                                              Chapter 11

    232 Seigel Acquisition LLC          Case no.  20-22845 (RDD)

                 Debtor.
--------------------------------------------------------x

## **APPLICATION TO RETAIN DEBTORS' COUNSEL**

MY 2011 Grand LLC ("Development") and 232 Seigel Acquisition LLC ("Acquisition," collectively with Development, the "Debtors")) as and for their applications to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtors as of the filing of the above-captioned case pursuant to section 327(a) of the Bankruptcy Code, respectfully represents as follows:

1.      On July 14, 2020 ("Filing Date"), each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Each Debtor has continued its business as a debtor-in-possession. No trustee or creditors committee has been appointed.

2.      Each Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 800 Third Avenue, New York, New York 10022, as its counsel.

3. Each Debtor has selected BFK because the members of BFK have considerable expertise in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and commercial litigation, among others. Each Debtor believes that BFK is well qualified to represent it in these proceedings.

4. The professional services BFK will be required to render include, but are not limited to: providing each Debtor with legal counsel regarding its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case; preparing on behalf of each Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required with the Chapter 11 case; providing each Debtor with legal services regarding formulating and negotiating a plan of reorganization with creditors; and performing such other legal services for each Debtor as required during the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against each Debtor.

5. Each Debtor paid BFK $17,109 as and for its retainer before its petition was filed. The 232 Development retainer was paid by funds in 232 Acquisition's account. The Debtors have not determined the characterization of the payment by 232 Acquisition on 232 Development's behalf for bookkeeping purposes.

6. To the best of the Debtors' knowledge, BFK and its respective attorneys have no connection with, and no interests adverse to, each Debtor, its creditors, other parties in

interest, or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

7. Each Debtor believes that the retention of BFK in the best interest of each Debtor's estate.

8. No receiver, trustee or examiner has been appointed nor have any official committees been appointed.

9. No prior application has been made for the relief requested herein.

WHEREFORE, each Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
September 2, 2020

By: /s/David Goldwasser, as authorized signatory of GC Realty Advisors, Debtors' Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                            Chapter 11

        232 Seigel Development LLC           Case no. 20-22844 (RDD)

                                Debtor.
-------------------------------------------------------x
In re                                                            Chapter 11

        232 Seigel Acquisition LLC             Case no. 20-22845 (RDD)

                                Debtor.
-------------------------------------------------------x
STATE OF NEW YORK     )
                                    )ss.:
COUNTY OF NEW YORK  )

        Mark A. Frankel, being duly sworn, deposes and says:

        1.       I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 800 Third Avenue, New York, New York 10022. I am fully familiar with the facts stated, and make this affidavit to support the application to retain BFK as counsel to the above-captioned debtor and the other jointly administered debtors (the "Debtors").

        2.       I am duly admitted to practice before this Court, and will assume primary responsibility for this matter.

        3.       BFK worked with the Debtors before filing these cases on Chapter 11 preparation and case strategy. The undersigned reviewed each Debtor's creditor matrix and each Debtor's known professionals. I then conducted a search of BFK's current and former clients.

Insofar as I have been able to ascertain, the members and associates of BFK do not hold or represent an interest adverse to any of the Debtors' estates, are disinterested parties within the meaning of § 101(14) of the Bankruptcy Code, and have no connections with the Debtors, their respective creditors, attorneys, accountants, the United States Trustee, or any person employed by the United States Trustee.

4. BFK's hourly rates are: paralegal time: $125, Scott A. Krinsky: $585, Mark A. Frankel: $655, Abraham J. Backenroth: $690. If BFK determines to raise its hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing. BFK also demands reimbursement for out of pocket expenses such as out of pocket travel expenses in the amount incurred, filing fees in the amount incurred, and Westlaw computerized legal research in the amount incurred. BFK was paid a $17,109 retainer by each Debtor before its petition was filed. The 232 Development retainer was paid by funds in 232 Acquisition's account. The Debtors have not determined the characterization of the payment by 232 Acquisition on 232 Development's behalf for bookkeeping purposes. BFK agrees to apply any interim and final fee awards against the unused retainer as such awards are made, before seeking additional funds from a Debtor to cover such awards.

5. No agreement or understanding exists between BFK and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall BFK share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Section 504 of the Bankruptcy Code.

6. I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtors' counsel.

s/Mark Frankel

Sworn to before me this
September 2, 2020

s/Scott Krinsky
Notary Public

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                    Chapter 11

    232 Seigel Development LLC                        Case no.  20-22844 (RDD)

                      Debtor.
---------------------------------------------------------x
In re                                                    Chapter 11

    232 Seigel Acquisition LLC                         Case no.  20-22845 (RDD)

                      Debtor.
---------------------------------------------------------x

## **ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL**

Upon the application of the above-captioned debtors ("Debtors") requesting authorization to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtors, and upon the Affidavit of Disinterest by Mark Frankel, Esq., and it appearing that Backenroth Frankel & Krinsky, LLP ("BFK") represents no interest adverse to the Debtors or their creditors, and that its employment is necessary and in the best interests of each Debtor's estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that BFK is authorized to employ the following services: providing each Debtor with legal counsel regarding its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case; preparing on behalf of each Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required with the Chapter 11 case; providing each Debtor with legal services regarding formulating and negotiating a plan of reorganization with creditors; and performing such other legal services for each Debtor as required during the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against each Debtor; and it is further

ORDERED, that BFK shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013; and it is further

ORDERED, that prior to any increases in BFK's rates for any individual retained by BFK and providing services in these cases, BFK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in

accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: New York, New York
      September \_\_\_, 2020

                                                    _____
                                                    United States Bankruptcy Judge

NO OBJECTION
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
By:  /s/ Greg Zipes_____
       Greg Zipes
       Trial Attorney
       201 Varick Street,
       New York, New York 10014
       Tel. No. (212) 510-0500