UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                          Chapter 11

    232 Seigel Development LLC                          Case no.  20-22844 (RDD)


                          Debtor.
----------------------------------------------------------x
In re                                                                          Chapter 11

    232 Seigel Acquisition LLC                              Case no.  19-22845 (RDD)


                          Debtor.
----------------------------------------------------------x

## APPLICATION FOR JOINT ADMINISTRATION

        232 Seigel Development LLC ("Development") and 232 Seigel Acquisition LLC ("Acquisition"), the Debtors and Debtors-in-Possession (each a "Debtor" and collectively the "Debtors"), as and for their application for the entry of an order directing the joint administration of their estates for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), represent as follows:

        1.      On July 14, 2020, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  Development was initially filed as a Subchapter 5 Small Business Case but amended its petition to delete the small business designation.

        2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of

the filing of this motion, no trustee, examiner or committee has been requested or appointed, except that Samuel Dawidowicz was appointed as Subchapter 5 trustee.

3. Development owns 100% of the equity in Acquisition. Development and Acquisition are both subject to secured claims under third party common control.

4. By this Motion, the Debtors seek the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

5. Since the Debtors are affiliates and their property is subject to claims by affiliated lenders, joint handling of the administrative matters respecting these cases - including, without limitation, the use of a single docket and the combining notices to creditors - will make administration more efficient and economical.

6. The Debtors seek the entry of an order directing the joint administration for procedural purposes only pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 1015. A proposed order is annexed hereto.

7. Bankruptcy Rule 1015 states:

(b) Cases Involving Two or More Related Debtors.

If ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. ...

8. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

2

9. The Debtors are "affiliates" through common control. Accordingly, this Court is authorized to grant the requested relief. The Debtors believe that joint administration of these Chapter 11 cases would be practical, expedient, economical and less time-consuming for the Debtors, their management and professionals, the Court, the Clerk's office and all parties in interest. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the debtor cases, thereby saving the Debtors' estates considerable expense and conserving their resources.

10. Accordingly, joint administration and procedural consolidation will facilitate the efficient and economical administration of these cases, promote the interests and convenience of the parties and reduce costs and expedite administration. Further, supervision of the administrative aspects of these cases by the United States Trustee will be simplified.

11. The Debtors believe that no party in interest will be prejudiced by the relief requested in this motion. The rights of creditors will not be adversely affected because the relief requested is purely procedural and is not intended to affect the substantive rights of any party. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

12. Each creditor has been required to file a claim against the particular debtor or estate, or Debtors or estates, allegedly responsible for such debt.

13. Accordingly, the Debtors respectfully request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                                    Chapter 11

    232 Seigel Development LLC, *et al*,1                        Case no.  20-22844 (RDD)

                                                                                                                                                 Jointly Administered

                            Debtor.

------------------------------------------------------------x

1. The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  232 Seigel Development LLC (0108) and 232 Seigel Acquisition LLC (9782).

        14.        The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket sheet in each of the Debtors' chapter 11 cases: "An order has been entered in this case, directing the joint administration of this case with the case of 232 Seigel Development LLC, Case no.  20-22844 (RDD).

        15.        Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidating basis, provided that separate allocations of disbursements will be made for each debtor. Consolidating monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

WHEREFORE, the Debtors seek the entry of an order directing the joint administration of their estates pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b); and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
September 29, 2020

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for the Debtors

By: s/Mark A. Frankel
800 Third Avenue
New York, New York  10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     232 Seigel Development LLC | Case no.  20-22844 (RDD) |
|                               Debtor. | |

--------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     232 Seigel Acquisition LLC | Case no.  19-23959 (RDD) |
|                               Debtor. | |

--------------------------------------------------------x

## **ORDER DIRECTING JOINT ADMINISTRATION**

Upon the motion (the "Motion") of 232 Seigel Development LLC and its above-captioned affiliate, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order (the "Order"), administratively consolidating their respective chapter 11 cases for procedural purposes only and providing for their joint administration, and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no further notice of the Motion is required under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Motion is granted as set forth below.

1.  The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. Case no. 20-22844 (RDD).

2.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Debtors' Chapter 11 Cases.

3.  The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                           Chapter 11

    232 Seigel Development LLC, *et al*,1           Case no. 20-22844 (RDD)
                                                        Jointly Administered
                      Debtor.
-----------------------------------------------------------x

1. . The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 232 Seigel Development LLC (0108) and 232 Seigel Acquisition LLC (9782)

4.  A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case, directing the joint administration of this case with the case of 232 Seigel Development LLC, Case no. 20-22844 (RDD).
>
> All original pleadings shall be captioned as indicated in the preceding paragraph and all original docket entries shall be made in the case of 232 Seigel Development LLC, Case no. 20-22844 (RDD).

        5.        Notwithstanding anything to the contrary contained herein, proofs of claim against each particular debtor shall bear the case name and case number of the relevant debtor and shall be filed and docketed in the individual case of the relevant debtor.

        6.        Monthly operating reports shall be filed on a consolidating (not consolidated) basis. These reports shall contain on a consolidating basis the information required for each debtor that tracks and breaks out all of the specific information, e.g. receipts, disbursements, profit and loss statements, balance sheets and other required information on a debtor-by-debtor basis.

Dated:  New York, New York
        October __, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

3